IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| JASON WESTERFIELD ) <br> ) <br>       Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> THE UNITED STATES OF AMERICA; ) <br> Drug Enforcement Administration Agents ) <br> LEE LUCAS, ROBERT CROSS, and UNKNOWN ) <br> DEA AGENTS; RICHLAND COUNTY; Richland ) <br> County Sheriff's Officers CHUCK METCALF ) <br> MATT MAYER, LARRY FAITH and UNKNOWN ) <br> RICHLAND COUNTY SHERIFF'S OFFICERS; ) <br> CITY OF MANSFIELD and UNKNOWN MANSFIELD ) <br> POLICE OFFICERS; and JAMAL ANSARI ) <br> ) <br>       Defendants. ) | <br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT**

Plaintiff, JASON WESTERFIELD, by his attorneys, LOEVY & LOEVY, complains of Defendants, THE UNITED STATES OF AMERICA; Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF, MATT MAYER, LARRY FAITH and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; CITY OF MANSFIELD; UNKNOWN MANSFIELD POLICE OFFICERS; and JAMAL ANSARI, and states as follows:

**Jurisdiction and Venue**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. § 1331.

3. Venue is proper under 28 U.S.C. § 1391(b). On information and belief, all or most of the parties reside in this judicial district, and the events giving rise to the claims asserted herein all occurred within district.

**Factual Allegations**

4. Plaintiff Jason Westerfield is 30 years old.

5. Defendants Lee Lucas, Robert Cross, and as-yet unidentified Drug Enforcement Administration ("DEA") agents, are or were agents employed by the DEA of the United State of America. All are sued in both their individual and official capacities.

6. Defendants Chuck Metcalf, Larry Faith, Matt Mayerand as-yet unidentified Richland County Sheriff's Officers, are or were officers employed by the Sheriff's Office of Richland County. All are sued in both their individual and official capacities.

7. Defendant Jamal Ansari is or was a police officer in Cleveland, Ohio.

8. As a result of Defendants' misconduct, Mr. Westerfield was falsely implicated in a drug conspiracy. According to the fabricated charges in Mr. Westerfield's criminal case, he allegedly sold crack cocaine to Jerrell Bray.

9. The evidence in Mr. Westerfield's criminal case made it patently clear that he was not involved in the alleged drug ring.

10. Among other things, Global Positioning System("GPS") records were used to demonstrate that it was impossible for Mr. Westerfield to have been present at the alleged "drug buy" for which he was charged.

11. In or about May of 2007, Jerrell Bray admitted that the alleged "drug buy" between Mr. Westerfield and himself never took place.

12. Considering the GPS records and Mr. Bray's revelations, there is not a single piece of legitimate evidence linking Mr. Westerfield to the crime with which he was charged.

13. In order to build a false case against him, the Defendants fabricated evidence which falsely implicated Mr. Westerfield in the drug ring, and destroyed and/or otherwise withheld from the prosecutors and from Mr. Westerfield evidence which would have helped exonerate him, all in violation of the constitution.

14. In so doing, the Defendants, acting personally, as well as by and through a conspiracy with others, coached and manipulated witnesses, and then withheld from the prosecutors the details of how they had done so.

15. As described more fully above, Defendants deprived Mr. Westerfield of due process by manipulating and tampering with evidence in an effort to falsely implicate and convict Mr. Westerfield.

16. The totality of the Defendants' misconduct was so egregiously abusive that it shocks the conscience.

17. As a result of the aforementioned wrongful conduct, Mr. Westerfield was wrongfully arrested, indicted, and tried for a crime he did not commit.

18. Mr. Westerfield suffered substantial damages as a result of Defendants' wrongful conduct. These damages include both emotional and economic injuries.

**Legal Claims**

19. In the manner described more fully above, Defendants violated Mr. Westerfield's constitutional rights, causing him damage. Among others, Defendants violated Mr. Westerfield's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.

20. Defendants' conduct also constitutes state law malicious prosecution and intentional infliction of emotional distress in that they caused Mr. Westerfield to be prosecuted for a crime he did not commit, all without probable cause.

21. Defendants Lee Lucas, Robert Cross, and as-yet unidentified DEA agents, acting individually and in concert, improperly subjected Mr. Westerfield to judicial proceedings for which there was no probable cause and under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of Ohio. These actions were undertaken maliciously, resulting in injury.

22. As a direct and proximate result of the above-described conduct, Mr. Westerfield has suffered actual and special damages including, *inter alia*, extreme emotional distress. Defendant United States of America is liable for these damages pursuant to the Federal Tort Claims Act.

23. Defendants also reached an agreement to deprive Mr. Westerfield of his constitutional rights via illicit means, and one or more of them took actions in furtherance of this conspiracy, all in violation of both state and federal law.

24. The misconduct described herein was objectively unreasonable, and undertaken with malice, willfulness, and reckless indifference to the rights of others such that the Defendants' actions shock the conscience.

25. During his criminal trial, Mr. Westerfield suffered emotional distress as a result of the fraudulent evidence that was admitted, as well as by the inability to rebut that evidence due to Defendants' actions in withholding of exculpatory evidence.

26. Had Defendants timely provided Plaintiff with all of the exculpatory evidence to which he was entitled, including but not limited to the evidence bearing on the manipulations involving Mr. Bray, the prosecution on the drug conspiracy never would have proceeded at all, either as a result of a suppression hearing or because the prosecutors would have simply dropped the charges outright.

27. Mr. Westerfield's injuries were proximately caused by policies and practices on the part of Defendants Richland County and the City of Mansfield to pursue wrongful convictions through profoundly flawed investigations. In this way, these Defendants violated Mr. Westerfield's rights by maintaining policies and practices which were the moving force driving the foregoing constitutional violations.

28. The above-described widespread practices, so well-settled as to constitute *de facto* policy in the Richland County Sheriff's Office and the Mansfield Police Department were able to exist and thrive because governmental policymakers with authority over the same exhibited deliberate indifference to the problem, thereby effectively ratifying it.

29. The widespread practices described in the preceding paragraphs were allowed to flourish because Richland County and the City of Mansfield declined to implement sufficient training and/or any legitimate mechanisms for oversight or punishment.

30. All of Defendants' interactions with Mr. Westerfield and the criminal case brought against him were undertaken under color of law, and within the scope of their employment.

31. Because Defendants Chuck Metcalf, Matt Mayer, Larry Faith, as-yet unidentified Richland County Sheriff's Officers, Lee Lucas, Robert Cross, as-yet unidentified DEA agents, and as-yet unidentified Mansfield Police Officers, acted within the scope of their employment, Richland County, the United States, and the City of Mansfield are therefore liable as their employers for any resulting damages and any award of attorneys' fees.

WHEREFORE, Plaintiff, JASON WESTERFIELD, by his attorneys, LOEVY & LOEVY, respectfully requests that the Court enter judgment in his favor and against Defendants, THE UNITED STATES OF AMERICA; Drug Enforcement Administration Agents LEE LUCAS, ROBERT CROSS and UNKNOWN DEA AGENTS; RICHLAND COUNTY; Richland County Sheriff's Officers CHUCK METCALF, MATT MAYER, LARRY FAITH and UNKNOWN RICHLAND COUNTY SHERIFF'S OFFICERS; CITY OF MANSFIELD; UNKNOWN MANSFIELD POLICE OFFICERS; and JAMAL ANSARI, awarding compensatory damages, costs, and attorneys' fees, along with punitive damages against each of the individual Defendants in their individual capacities, as well as any other relief this Court deems appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

                                                    RESPECTFULLY SUBMITTED:

                                                    /s/ Michele Berry
                                                    Attorneys for Plaintiff

Jon Loevy
LOEVY & LOEVY
312 North May Street
Suite 100
Chicago, IL 60607

Michele L. Berry
3834 Hyde Park Ave., Suite 1
Cincinnati, OH 45209